# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

## No. 17-1832

---

JANINE M. ORIE,

Appellant

V.

DISTRICT ATTORNEY ALLEGHENY COUNTY, and
FRANK SCHERER

Appellees

---

On Appeal from the Judgment Order in a Civil Case
of the United States District Court for the Western
District of Pennsylvania (Hornak, J.)
dated and filed on March 21, 2017
denying Motion for Reconsideration and/or Relief for
Judgment and Dismissing the Objections
in the matter docketed at No. 2:16-cv-00233

---

## APPELLANT'S PETITION FOR PANEL
## REHEARING AND REHEARING EN BANC

---

James E. DePasquale, Esq.
PA I.D. 30233
1302 Grant Building, 310 Grant Street
Pittsburgh PA 15219
(412) 471-1415
Fax: 412642-2248
Email: jim.depasquale@verizon.net
Counsel for Appellant

Case: 17-1832    Document: 003113433055    Page: 1    Date Filed: 12/13/2019

# TABLE OF CONTENTS

Page

STATEMENT REQUIRED BY LOCAL RULE 35.1 ............................ iv

I.     INTRODUCTION ...…………………………........................... 1

II.     BACKGROUND ............................................................... 3

III.     REASONS FOR GRANTING THE PETITION .........................… 5

     A. The panel decision on the issue of Rule 60(b)(1) as an automatic assertion of ineffectiveness of counsel, i.e., second or successive habeas petition, is contrary to the following decisions of the Supreme Court in *Gonzales v. Crosby* and *Martinez v. Ryan* and this Court in *Pridgen v. Shannon.* ...................................................................................... 5

     B.   The panel decision on the issue of the proper standard of review applicable to the district court's election to address *de novo* late filed objections authoring a memorandum opinion providing separate legal analysis and independent reasoning not contained in the magistrate's report and recommendation (R & R) is contrary to the following decisions of this Court in *Nara v. Frank* and *Henderson v. Carlson*..... 13

IV.     CONCLUSION ............................................................. 15

# TABLE OF AUTHORITIES

Page

**Cases**

*Clark v. United States,*
764 F.3d 653 (6th Cir. 2014) ............................................................. 11

*Gonzales v. Crosby,*
545 U.S. 524 (2005) ......................................................... 1, 6, 7, 9, 12

*Henderson v. Carlson,*
812 F.2d. 874 (3d Cir. 1987) ........................................................ 2, 14

*Holland v. Florida,*
560 U.S. 631, 649 (2010) ................................................................. 8

*Hutto v. Davis,*
454 U.S. 370 (1982) ....................................................................... 5

*Johnson v. Williams,*
568 U.S. 289 (2013) ...................................................................... 13

*Martinez v. Ryan,*
566 U.S. 1 (2012) .................................................................... 1, 2, 8

*Moreland v. Robinson,*
813 F.3d 315 (6th Cir. 2016) ........................................................... 11

*Muth v. Frank,*
412 F.3d 808, 815 (7th Cir.2005) ..................................................... 13

*Nara v. Frank,*
488 F.3d 187 (3d Cir. 2007) ......................................................... 2, 15

*Post v. Bradshaw,*
422 F.3d 419 (6th Cir. 2005) .................................................. 6, 10, 11

*Pridgen v. Shannon,*
380 F.3d 721 (3d Cir. 2004) ........................................................... 10

Case: 17-1832    Document: 003113433055    Page: 4    Date Filed: 12/13/2019

*Seminole Tribe of Fla. v. Florida*,
517 U.S. 44, 66-67 (1996) ................................................................ 5

*Thomas v. Arn*,
474 U.S. 140, 155 (1985) ................................................................ 13

*United States v.Tann*,
577 F.3d 533, 541 (3d Cir. 2009) ....................................................... 5

**Statutes**

Antiterrorism and Effective Death Penalty Act (AEDPA),
Pub. L. No. 104-132, 110 Stat. 1214 (1996) ............................. 6, 7, 8, 9, 13

**Rules**

Fed. R. Civ. Proc. 60(b) ..................................................... passim

Fed. R. Civ. Proc. 60(b)(1) ................................................. passim

**Other Authorities**

Bryan A. Garner, Neil M. Gorsuch, Brett M. Kavanaugh, et al., The Law of
Judicial Precedent 28 (2016) ............................................................ 5

## STATEMENT OF COUNSEL

Pursuant to Local App. Rule 35.1, undersigned counsel expresses a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to decisions of the United States Court of Appeals for the Third Circuit and the Supreme Court of the United States. Consideration by the full court is necessary to secure and maintain uniformity of decisions in this Court. The panel decision on the issue of Rule 60(b)(1) as an assertion of ineffectiveness of counsel, i.e., second or successive habeas petition, is contrary to the following decisions of this Court and the Supreme Court:

- *Gonzales v. Crosby*, 545 U.S. 524 (2005) (all Rule 60(b) motions for relief from the judgment of a district court denying a habeas petition are not automatically prohibited "second or successive" habeas petitions for purposes of Section 2244(b) of the Antiterrorism and Effective Death Penalty Act).

- *Martinez v. Ryan*, 566 U.S. 1 (2012) (ineffective assistance of post-conviction counsel can represent cause to overcome a procedural default in a federal habeas proceeding).

- *Pridgen v. Shannon*, 380 F.3d 721 (3d Cir. 2004) (a district court may address a Rule 60(b) motion that challenges the proceedings surrounding a habeas judgment rather than the underlying state conviction itself).

Further, the panel decision on the issue of the proper standard of review applicable to the district court's election to address late filed objections is contrary to the following decisions of this Court:

- *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007)
- *Henderson v. Carlson*, 812 F.2d. 874 (3d Cir. 1987)

This case involves questions of exceptional importance because it drastically changes the legal landscape in the Third Circuit for individuals filing Rule 60(b)(1) motions in federal habeas proceedings and the proper standard of review of late filed objections considered and ruled upon by the district court.

Accordingly, Appellant respectfully requests this Court grant rehearing en banc.

# I.    INTRODUCTION

In Appellant's case, the panel has created a jurisdictional bar to Rule 60(b) motions in habeas proceedings. Appellant asserted in her motion that counsel's "mistake, inadvertence, surprise, or excusable neglect" of not timely filing objections to the magistrate judge's report and recommendation attacked a procedural ruling which precluded a merits determination, and she invoked a right to relief under Rule 60(b) on that basis.

The panel's decision that an attorney's error cannot be the basis for overcoming a procedural barrier to relief directly conflicts with the Supreme Court holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Gonzales v. Crosby*, 545 U.S. 524 (2005).

The panel incorrectly and in direct conflict with *Gonzalez* ruled that because Appellant filed a Rule 60(b)(1) motion during her habeas proceeding, it axiomatically must be treated as an assertion of ineffectiveness of counsel, i.e., second or successive habeas petition.

However, the *Gonzalez* policy supports the continued viability of Rule 60(b) motions under AEDPA. The determination of whether a Rule 60(b) motion seeks habeas relief, as opposed to some other kind of relief, is "relatively simple." *Gonzalez*, 545 U.S. at 531. Where a Rule 60(b) motion "confines itself not only to the first federal habeas petition, but to a nonmerits aspect of the first federal

habeas proceeding," *id.*, the motion does not seek the habeas relief prohibited by §
2254(i). Furthermore, the continued use of Rule 60(b) motions under AEDPA
allows both parties - the petitioner as well as the state - to revisit judgments
erroneously or improvidently granted on procedural or jurisdictional grounds. *Id.* at
17.

The panel decision also contravenes the Supreme Court holding in *Martinez*
by ruling that an attorney's error under Rule 60(b)(1) cannot be a proper basis for
overcoming a procedural barrier to relief. Attorney error was the cause for
procedural default in Appellant's case. The Supreme Court found that "'cause,'
however, is not synonymous with a ground for relief."

As a result of the panel's incorrect reasoning on the Rule 60(b) issue, the
panel then applied a plain error standard of review despite the district court
reviewing the late filed objections *de novo* because of the questions raised as to the
propriety of the R & R and authoring a memorandum opinion providing legal
analysis and independent reasoning not contained in the R & R. This Circuit's
decisions in *Nara v. Frank,* 488 F.3d 187 (3d Cir. 2007) and *Henderson v.
Carlson,* 812 F.2d. 874 (3d Cir. 1987) provide that if the district court conducted
an independent review of the record and applicable law then the appellate standard
of review is *de novo.*

## II.   BACKGROUND

On March 2, 2016, Appellant filed a Petition For Writ Of Habeas Corpus

And Brief Under 28 U.S.C. § 2254 in the United States District Court for the

Western District of Pennsylvania pursuant to § 2254; the District Attorney's Office

filed an answer; and Appellant filed a reply. At the time of the filing of the habeas,

while Appellant had completed her detention under house arrest, Appellant was

currently serving her consecutive two-year probation sentence.

On May 23, 2016, the magistrate judge issued a report and recommendation

(R & R) dismissing the habeas corpus petition and denying a certificate of

appealability. On June 30, 2016, after no objections were timely filed, the

Honorable Mark Hornak entered an Order and Judgment and upon an "independent

review of the petition and the record" adopted the R & R of the magistrate judge as

the opinion of the District Court and the writ of habeas corpus be dismissed and a

certificate of appealability be denied.

On July 13, 2016, the Appellant, through counsel, filed a Motion for

Reconsideration and Objections to the R & R. The District Court ordered the

Commonwealth to respond and the Answer was filed by Respondents on July 20,

2016. The Appellant filed a Reply the next day on July 21, 2016.

After addressing the objections on the merits, the U.S. District Court Judge

Mark R. Hornak filed a memorandum opinion and order on March 21, 2017

denying the Motion for Reconsideration and/or Relief for Judgment, dismissing the Objections and denying a Certificate of Appealability.

On April 12, 2017, Appellant filed a timely notice of appeal with this Court requesting a certificate of appealability. This Court granted Appellant's application for a certificate of appealability on December 17, 2018.

A panel of this Court held that 28 USC § 2254(i) bars federal courts from granting relief under Fed. R. Civ. P. 60(b)(1) when a lawyer's error *causes* a petitioner to file objections to a magistrate judge's report and recommendation after the deadline. Appellant's "ground for relief" in her habeas petition is a double jeopardy claim. Appellant's claim on her Rule 60(b)(1) motion was presented as "mistake, inadvertence, surprise, or excusable neglect" to excuse her failure to timely file objections and not as an independent basis for overturning her conviction claim or for a second, successive habeas petition alleging ineffectiveness of counsel on collateral attack.

The panel further held that since the Rule 60(b) issue was a successive habeas petition, then the applicable standard of review is plain error because Appellant failed to file timely objections despite the district court reviewing the late filed objections *de novo*.

Case: 17-1832    Document: 003113433055    Page: 10    Date Filed: 12/13/2019

## III. REASONS FOR GRANTING THE PETITION

### A. The Panel Decision Is Contrary To The Decisions Of The Supreme Court and The Third Circuit On The Issue Of Rule 60(b) Motions Filed In Habeas Proceedings, and En Banc Rehearing Is Required.

The Third Circuit—like every other federal court— is bound by the Supreme Court's holdings and its reasoning. See *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 66-67 (1996); *Hutto v. Davis*, 454 U.S. 370, 374-75 (1982) (per curiam). This obligation "is both wise and necessary" to "promote[ ] consistency and predictability while discouraging adventurous second-guessing by widely dispersed subaltern judges." Bryan A. Garner, Neil M. Gorsuch, Brett M. Kavanaugh, et al., The Law of Judicial Precedent 28 (2016). Furthermore, one of the purposes of rehearing en banc is to "maintain a consistent body of jurisprudence," allowing the full Court to revise or correct panel decisions that would otherwise create intra-circuit conflict. *United States v. Tann*, 577 F.3d 533, 541 (3d Cir. 2009). The panel's decision is a prime candidate for rehearing on those bases. Its determination that a Rule 60(b) motion is a second or successive habeas petition, i.e., a claim of ineffectiveness of counsel during the collateral proceedings, is irreconcilable and circumvents binding precedents of the Supreme Court and Third Circuit, and absent rehearing will eliminate the threshold for "alleging" a proper Rule 60(b) claim in habeas proceedings adjudicated in the Third Circuit.

Case: 17-1832    Document: 003113433055    Page: 11    Date Filed: 12/13/2019

Case: 17-1832    Document: 003113433055    Page: 12    Date Filed: 12/13/2019

The panel held that 28 USC § 2254(i) precludes federal courts from granting

relief under Fed. R. Civ. P. 60(b) when counsel's error *causes* a habeas petitioner

to file late objections to a magistrate judge's report and recommendation. The

panel's sole reason for this assertion is as follows:

> [Appellant's] arguments fail in light of a clear statutory directive. . . . The
> governing habeas statute, 28 U.S.C. § 2254, states plainly that "[t]he
> ineffectiveness or incompetence of counsel during Federal or State collateral
> post-conviction proceedings shall not be a ground for relief in a proceeding
> arising under section 2254." 28 U.S.C. § 2254(i). Thus, motions under Rule
> 60(b) that seek relief based on "incompetent and ineffective representation"
> during a proceeding under § 2254 are barred. *Post v. Bradshaw*, 422 F.3d
> 419, 423 (6th Cir. 2005) (quoting 28 U.S.C. § 2254(i)). Though couched in
> terms of excusable neglect, [Appellant's] plea that we ignore her attorney's
> (and hence her) failure to timely respond to the R&R is exactly the kind of
> relief foreclosed by the statute itself.

The panel did not cite and ignores the Supreme Court's clear mandate in the

*Gonzalez* decision and gives an unwarranted interpretation of the relationship

between the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132,

110 Stat. 1214 (1996) ("AEDPA"), and Rule 60(b).  The panel decision holds that

district courts lack authority to grant relief from judgment under Rule 60(b) in

habeas proceedings. In particular, the panel believes that 28 U.S.C. § 2254(i),

which states that "The ineffectiveness or incompetence of counsel during Federal

or State collateral post-conviction proceedings shall not be a ground for relief in a

proceeding arising under section 2254," restricts the jurisdiction of the district

court vis-a-vis Rule 60(b). The panel then concludes that the "excusable neglect"

6

assertions of habeas counsel is nothing more than a claim for ineffective assistance

of counsel on collateral attack. Since such relief is barred by AEDPA, the panel

holds that the district court lacks jurisdiction to grant the motion.

The plain language of Section 2254(i) prohibits "ineffectiveness or

incompetence of counsel during Federal or State collateral post-conviction

proceedings" from being "a ground for relief in a proceeding arising under section

2254." Like the Supreme Court in *Gonzalez*, such language clearly indicates the

term "relief" encompasses only relief from a state court's judgment of conviction

— that is, habeas relief, a substantive basis for vacating the conviction or sentence.

Any relief "arising under section 2254" concerns the constitutionality of a state

court conviction — that is, habeas relief — and does not concern various

intermediary rulings of a district court during the adjudication of such a petition.

This view is perfectly consistent with the notion that constitutionally ineffective

counsel during collateral attack cannot be a ground for habeas relief. Since habeas

relief is concerned with constitutional error by the state court, any alleged

constitutional error during collateral attack is not an appropriate ground for relief.

Accordingly, application of the panel's precedential decision to the situation when

habeas counsel is late and misses a filing deadline now requires the district court to

not consider any Rule 60(b)(1) motion because it would constitute a prohibited

ineffectiveness of appellate counsel claim. The district court would be denied the

inherent discretion to determine those motions. Appellant was merely seeking,

under Rule 60(b), to procedurally file late objections to the magistrate judge's

report and recommendation and did not assert a claim of ineffectiveness of counsel

by doing so nor did the motion affect the underlying state court conviction at issue

in the habeas proceeding. Appellant's claim on her Rule 60(b)(1) motion was for

"mistake, inadvertence, surprise, or excusable neglect" and was not a habeas claim

for ineffectiveness of counsel.

"Ground for relief" as used in § 2254(i) means a ground for *habeas* relief, a

substantive basis for vacating the conviction or sentence. It does not mean that an

attorney's error cannot be the basis for overcoming a procedural barrier to relief.

The panel did not cite and ignored the Supreme Court holding in *Martinez v. Ryan*,

566 U.S. 1, 12 (2012):

> Arizona contends that the Antiterrorism and Effective Death Penalty Act of
> 1996 (AEDPA), 28 U.S.C. § 2254, bars Martinez from asserting attorney error as
> cause for a procedural default. AEDPA refers to attorney error in collateral
> proceedings, but it does not speak to the question presented in this case. Section
> 2254(i) provides that "the ineffectiveness or incompetence of counsel during
> Federal or State collateral post-conviction proceedings shall not be a ground for
> relief." *"Cause," however, is not synonymous with "a ground for relief."* A
> finding of cause and prejudice does not entitle the prisoner to habeas relief. It
> merely allows a federal court to consider the merits of a claim that otherwise
> would have been procedurally defaulted. In this case, for example, Martinez's
> "ground for relief" is his ineffective-assistance-of-trial-counsel claim, a claim that
> AEDPA does not bar. Martinez relies on the ineffectiveness of his postconviction
> attorney to excuse his failure to comply with Arizona's procedural rules, not as an
> independent basis for overturning his conviction. In short, while § 2254(i)
> precludes Martinez from relying on the ineffectiveness of his postconviction
> attorney as a "ground for relief," it does not stop Martinez from using it to
> establish "cause." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

*Martinez*, 566 at 16. (emphasis added)

8

The panel improperly found a conflict between Rule 60(b) and AEDPA. Appellant's Rule 60(b)(1) motion was based solely on the causal conduct of her attorney during the proceedings of her habeas petition and not on the merits of her underlying habeas petition.

Further, the panel is incorrect in holding that Appellant's Rule 60(b) motion can be construed as an ineffectiveness or incompetence of counsel during federal or state collateral post-conviction proceedings arising under § 2254. In *Gonzalez*, the Supreme Court made it clear that a Rule 60(b) "attack based on the movant's own conduct, or his habeas counsel's omissions [] ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 535 n. 5. Such a view does not undermine the propriety of granting Rule 60(b) relief in this case. Petitioner's Rule 60(b) motion seeks merely to file objections to the magistrate judge's report and recommendations previously not filed timely due to "mistake, inadvertence, surprise, or excusable neglect."

The panel conflated Appellant's Rule 60(b) motion with a habeas claim for a new claim of ineffectiveness of counsel in conflict with *Gonzalez*. In determining whether a Rule 60(b) motion is a second or successive habeas petition is "relatively simple." *Gonzalez*, 545 U.S. at 531. "A motion ... bring [s] a [habeas] 'claim' if it attacks the federal court's previous resolution of the claim *on the*

*merits ...." Id.* (emphasis in original). Accordingly, "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* As amply noted, the instant motion simply seeks to file objections that were not timely filed, and does not attack the state court conviction nor addresses the federal grounds for habeas relief.

Unquestionably, Appellant's motion concerns the failure of her attorney to timely file objections, and thus conclusive whether to revisit the denial of habeas relief does not affect the underlying state court conviction. Rather, it addresses the "nonmerits aspect of the first federal habeas proceeding," *id.*, and is therefore not barred by the restrictions of AEPDA, including the restriction on a second or successive habeas petition, 28 U.S.C. § 2244(b).

Notwithstanding *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) which holds that a Rule 60 motion may be adjudicated if its "factual predicate . . . attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction," the panel relies on the Sixth Circuit case in *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005).

*Post*, quoting 28 U.S.C. § 2254(i), held that a Rule 60(b) motion that was *filed after the petitioner had appealed* the district court's denial of his original

habeas petition was a second or successive habeas petition. *Id.* at 421, 424-425.

However, nine years later the Sixth Circuit held in *Clark v. United States*, 764 F.3d

653 (6th Cir. 2014) that a motion to amend *filed before the time to appeal* the

district court's denial of the petitioner's original § 2255 motion had expired was not

a second or successive application for relief. Finally, in *Moreland v. Robinson*, 813

F.3d 315 (6th Cir. 2016) the Sixth Circuit reconciled both *Post* and *Clark[1]*:

> The actual holdings of the two cases are consistent with—and indeed
> require—our conclusion that a Rule 60(b) motion or motion to amend that
> seeks to raise habeas claims is a second or successive habeas petition when
> that motion is filed after the petitioner has appealed the district court's denial
> of his original habeas petition or after the time for the petitioner to do so has
> expired. As set out above, Moreland filed his Rule 60(b) motion and motion
> to amend long after he appealed the district court's decision denying his
> original habeas petition. Moreland's motions were therefore second or
> successive habeas petitions even with respect to the claims that Moreland
> raised during the pendency of the appeal from the denial of the first habeas
> petition. The district court lacked jurisdiction to address them when they
> were originally filed.

*Id.* at 325.

Even under the application of the Sixth Circuit's holdings, the panel's

decision is incorrect because Appellant filed her rule 60(b) motion before she

appealed the district court's denial of her habeas petition or before the time to do

---

[1] "[A]lthough the petitioner in *Clark* filed a motion to amend, not a Rule 60(b)
motion, as the *Clark* court itself recognized, in determining whether a petitioner's
motion is a second or successive habeas petition, "it makes no difference whether
the successive petition is filed as a Rule 60(b) motion or a [post-judgment] motion
to amend." 764 F.3d at 659 n. 2. *Clark* therefore guides the analysis of Moreland's
motions." *Moreland*, 813 F.3d at 323 n.1

Case: 17-1832     Document: 003113433055     Page: 17     Date Filed: 12/13/2019

so expired and thus was not a second or successive application for relief. Applying this standard, Appellant's claims should not have been treated as second or successive. Appellant's motion did not challenge her conviction and sentence.

*Gonzalez* ultimately drew a line between (a) motions that raise substantive claims for relief, either by asserting new grounds for relief or attacking a federal court's previous resolution of a habeas claim on the merits, and (b) motions that "attack[], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532. According to the Court, the former category should be construed as successive habeas petitions while the latter category comprises true Rule 60(b) motions. The proper construction of the motion turns on the nature of the error that is alleged. In *Gonzalez*, the Court determined that a Rule 60(b) motion "alleg[ing] that the federal courts misapplied the federal statute of limitations set out in § 2244(d)" qualified as a true Rule 60(b) motion. *Id.* at 533.

Thus, when a purported Rule 60(b) motion is filed a determination has to be made if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise. *Gonzalez,* 545 U.S. at 530-31. "[F]or the purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* A § 2244(b) claim is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* A movant is not making a habeas

12

claim when she seeks only to lift the procedural bars that prevented adjudication of certain claims on the merits. *Id.* at 532 n. 4. But Appellant did not make a habeas claim here because she did not seek to add a new ground for relief or seek to present "new evidence in support of a claim already litigated." *Id.* at 531–32.

Appellant invoked Rule 60(b)(1) for relief of an adverse limitations-based ruling as to her original habeas petition and had not filed a successive petition in violation of AEDPA. Herein, Appellant is attempting to resurrect a petition which was previously rejected based on a procedural rule; she is not attempting to assert a new claim as to the substance of her original habeas petition.[2]

### B.  The Panel Decision Is Contrary To The Decisions Of The Third Circuit On The Issue Of The Applicable Standard Of Review When The District Court Considers Late Filed Objections And Provides Separate Legal Analysis And Independent Reasoning Not Contained In The R & R, and En Banc Rehearing Is Required.

The district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed. This discretionary review is in accord with the Supreme Court's decision in *Thomas v. Arn,* 474 U.S. 140, 155 (1985). This Court held that "[W]hen the district court

---

[2] See *Johnson v. Williams,* 568 U.S. 289, 301 (2013) (Scalia, J., concurring) ("An 'adjudication on the merits' is 'best understood by stating what it is not: it is not a resolution of a claim on procedural grounds.'" (quoting *Muth v. Frank,* 412 F.3d 808, 815 (7th Cir.2005)).

elects to exercise its power to review a magistrate's report *de novo*, a party's previous failure to object becomes irrelevant." *Henderson*, 812 F.2d at 878 n.4.

It is important how or whether *de novo* review was conducted by the district court when no objections are filed because it then determines the standard of review required by the appellate panel. When objections have been filed late, they may be considered as part of the court's review. Thus, when late filed objections focus the court's attention to a particular issue or area of examination, in so doing, the objections cause the court to review *de novo* because of questions they raise as to the propriety of the magistrate's proposed findings or recommendations.

The panel held that a *de novo* review is performed "according to the district court's order when the magistrate's report is adopted only after 'independent review of the entire record and applicable law.'" However, there is a clear indication the district court conducted an independent review of the record and applicable law *de novo*. The panel held that there was an "absence of any independent reasoning by the district court," but only "thoughtful consideration to the R & R."

However, after Appellant filed a Motion for Reconsideration and Objections to the R & R, the District Court ordered the Commonwealth to respond and file an Answer and then the Appellant filed a Reply. The district court took into consideration the law argued by both the Commonwealth and Appellant because of

the questions raised as to the propriety of the R & R and then authored a separate
memorandum opinion providing legal analysis and independent reasoning that was
not contained in the R & R. The memorandum opinion addressing the record and
the applicable law is "something more than boilerplate language in an order with
no independent reasoning." While *Nara* court concluded there was "no indication
the district court conducted an independent review," the standard of review is plain
error. There is a clear indication here that the district court conducted an
independent review via its memorandum opinion on the record and applicable law
that was distinct from the R & R analysis.

The appropriate standard of review in this case is *de novo* because the
district court conducted a separate independent review of the record and applicable
law which was distinct from the R & R.

## IV.    Conclusion

For the foregoing reasons, Appellant respectfully request that the Court grant
rehearing en banc.

/s/ James E. DePasquale
James E. DePasquale
PA I.D. 30233
1302 Grant Building
310 Grant Street
Pittsburgh PA 15219
(412) 471-1415
Email: jim.depasquale@verizon.net
Counsel for Appellant

Case: 17-1832    Document: 003113433055    Page: 22    Date Filed: 12/13/2019

## COMBINED CERTIFICATIONS

I, James E. DePasquale, Esquire, attorney for Appellant, Janine M. Orie, do hereby certify the following:

1) that I am a member of the Bar of this Honorable Court;

2) that this Petition For Panel Rehearing And Rehearing En Banc complies with the type-volume limitation of Fed.R.A.P. 32(g) and 41(b); 3d Cir. L.A.R. 31.1(c) because it contains 3,797 words (excluding the items listed in FRAP 32(f) (FRAP 35(b)(2)) and it complies with the typeface requirements of Fed.R.A.P. 32(a)(5) and the typestyle requirements of Fed.R.A.P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Microsoft Word 2016 MSO in 14 point font in Times New Roman style.

By: /s/ *James E. DePasquale*
James E. DePasquale, Esquire

DATED: December 13, 2019